UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

JUL 24 2025 AM10:34
FILED - USDC - FLMD - TPA

v.

CASE NO.

DMITRY SHUSHLEBIN,
    a/k/a "Weston Dyer,"
    a/k/a "Ilia Bzhelichenko,"
    a/k/a "Ilya Yazikov"

18 U.S.C. § 371
(Conspiracy)

18 U.S.C. § 1343
(Wire Fraud)

18 U.S.C. § 1001
(False Statements)

18 U.S.C. § 1028A
(Aggravated Identity
Theft)

## SUPERSEDING INFORMATION

The United States Attorney charges:

### COUNT ONE
(Conspiracy)

#### A.    Introduction

At times material to this Superseding Information:

1.    The Pinellas County Supervisor of Elections was responsible for conducting voter registration for state, federal, and local elections and for administering all elections in Pinellas County, Florida.

2.    DMITRY SHUSHLEBIN was a citizen of Russia residing in the United States.

3.     Sanjar Jamilov was a citizen of Uzbekistan residing in the United States.

4.     Amaro Dental was a fictitious dental company that SHUSHLEBIN operated in Clearwater, Florida.

5.     Victim Bank 1 was an institution that provided loans to customers seeking service from merchants that were registered with Victim Bank 1. Victim Bank 1's servers, where it received loan applications, were located in Oregon.

6.     SHUSHLEBIN, Jamilov, and others acting at SHUSHLEBIN's direction submitted 132 false and fraudulent voter registration applications, in the names of other individuals, to the Pinellas County Supervisor of Elections, in the Middle District of Florida, in February and March 2023.

7.     Change of address forms were submitted to the United States Postal Service for approximately 129 of the 132 applications. These change of address forms redirected mail for the applicants on the voter registration forms to (1) a mailbox controlled by SHUSHLEBIN in someone else's name; (2) an apartment where Jamilov lived; and (3) a commercial property that SHUSHLEBIN had rented using an alias.

8.     The Pinellas County Supervisor of Elections determined that the applications were false and fraudulent, and rejected each application.

9.     One purpose of submitting these fraudulent voter registration applications was to create the appearance that the fictitious voters were, in fact, real people. SHUSHLEBIN then used these fictitious individuals to open bank accounts,

2

obtain fraudulent loans and credit cards, and to commit other forms of financial fraud for his personal enrichment.

### B.    The Conspiracy

10.    Beginning on an unknown date, but at least as early as in or around November of 2022, and continuing until April of 2023, in the Middle District of Florida, and elsewhere, the defendant,

DMITRY SHUSHLEBIN,
a/k/a "Weston Dyer,"
a/k/a "Ilia Bzhelichenko,"
a/k/a "Ilya Yazikov,"

did knowingly and willfully combine, conspire, and agree with other persons, known and unknown to the United States Attorney, to commit an offense against the United States, that is:

(a) to knowingly and willfully give false information as to their names and addresses for the purpose of establishing their eligibility to register to vote, in violation of 52 U.S.C. § 10307(c); and

(b) in any election for federal office, to knowingly and willfully deprive, defraud, and attempt to deprive and defraud the residents of the State of Florida of a fair and impartially conducted election process, by the procurement and submission of voter registration applications that they knew to be false, fictitious, and fraudulent under the laws of the State of Florida, in violation of 52 U.S.C. § 20511(2)(A).

### C.    Manner and Means

11.    The manner and means by which the co-conspirators sought to accomplish the objects of the conspiracy included, among others:

a.    It was a part of the conspiracy that the co-conspirators would and did submit false and fraudulent voter registration applications in names that were not their own to the Pinellas County Supervisor of Elections;

b.    It was further part of the conspiracy that the co-conspirators would and did submit Mail Forwarding Change of Address forms to the United States Postal Service redirecting mail addressed to the individuals on the fraudulent voter registration applications to one of three locations controlled by the co-conspirators, so that the co-conspirators could intercept any mail related to the false and fraudulent voter registration applications;

c.    It was further part of the conspiracy that the co-conspirators would and did rent mailboxes and other premises controlled by the co-conspirators for the purpose of receiving mail relating to the fraudulent voter registration applications;

d.    It was further part of the conspiracy that SHUSHLEBIN would and did pay co-conspirators for work in furtherance of the conspiracy;

e.    It was further part of the conspiracy that the co-conspirators would and did employ various techniques to protect their anonymity and to thwart detection of their activities by government and law-enforcement agencies; and

f.    It was further part of the conspiracy that the co-conspirators would and did perform acts and make statements to misrepresent, hide, and conceal,

4

and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

### D.    Overt Acts

12.    In furtherance of the conspiracy, and to effect the objects thereof, at least one of the co-conspirators committed or caused to be committed the following overt acts, among others, in the Middle District of Florida and elsewhere:

a.    On or about November 1, 2022, SHUSHLEBIN, using the name "Weston Dyer," signed a lease for a business premises located on Logan Street in Clearwater, Florida (the "Logan Street Address"). Mail related to the false and fraudulent voter applications submitted by the co-conspirators was re-directed to this address.

b.    On or about February 3, 2023, SHUSHLEBIN used a bank account in the name of "Ilya Yazikov" to send a payment of $1,000 to Jamilov.

c.    In or around February 2023, Jamilov told his roommate change of address confirmation notices that had been received at their apartment in the names of the below individuals were intended for Jamilov and his then-girlfriend, and that Jamilov was expecting to receive more:

    i.    Louis Allen
    ii.    Albert Ballard
    iii.    Samuel Bowman
    iv.    Terry Bradley
    v.    Anthony Brooks
    vi.    Michael Burke
    vii.    David Foster
    viii.    Jayden Galloway

       ix.     Dennis Gould
       x.      Kenneth Miller
       xi.     Jasper Novak
       xii.    Michael Nunez
       xiii.   Harry Price
       xiv.   Carmen Rhoads
       xv.    Harold Roberts
       xvi.   Grant Sanchez
       xvii.  Scott Neal
       xviii. Alexander Scott
       xix.   Andrew Skinner
       xx.    Darren Smith
       xxi.   Chad Stewart
       xxii.  Daniel Wyatt

Fraudulent voter registration applications were subsequently submitted to the Pinellas County Supervisor of Elections in each of these names.

       d.     On or about February 14, 2023, Jamilov submitted or caused to be submitted a fraudulent voter registration application to the Pinellas County Supervisor of Elections in the name of "Ethan Cunningham."

       e.     On or about February 14, 2023, Jamilov submitted or caused to be submitted a fraudulent voter registration application to the Pinellas County Supervisor of Elections in the name of "Michael Craig."

       f.     On or about February 17, 2023, Jamilov submitted or caused to be submitted a fraudulent voter registration application to the Pinellas County Supervisor of Elections in the name of "Ariel Elston."

       g.     On or about February 17, 2023, SHUSHLEBIN used a bank account in the name of "Ilya Yazikov" to send a payment of $1,000 to Jamilov.

h.    On or about February 18, 2023, Jamilov submitted or caused to be submitted a fraudulent voter registration application to the Pinellas County Supervisor of Elections in the name of "Norberto Sasser."

i.    On or about March 3, 2023, SHUSHLEBIN sent an email to an owner of a mailbox store in Fort Myers, Florida, instructing that individual to send mail from the Pinellas County Supervisor of Elections addressed to the following individuals to the Logan Street Address:

       i. Ethan Cunningham
      ii. Seth Archer
    iii. Raphael Emery
    iv. Samuel Hickman
     v. Michael Craig; and
    vi. Scott Neal.

j.    On or about March 6, 2023, Jamilov submitted a fraudulent voter registration application to be submitted to the Pinellas County Supervisor of Elections in the name of "Lily Wall."

k.    On or about March 7, 2023, SHUSHLEBIN, posing as "Foster Haugen," one of the names on the fraudulent voter applications, called the Pinellas County Supervisor of Elections to inquire about registering to vote without a valid Florida driver's license or ID card. While he claimed to be Foster Haugen, the caller ID for the number SHUSHLEBIN used said "Weston Dyer," the same alias he used to lease the Logan Street Address and a name that had been used on another one of the fraudulent voter registration applications in the 132 applications received by the Pinellas County Supervisor of Elections.

1.    On or about April 28, 2023, SHUSHLEBIN used a fake California driver's license in the name of "Ilia Bzhelichenko" to rent a mailbox in West Palm Beach, Florida. Ilia Bzhelichenko was a name that was used on one of the fraudulent voter registration applications in the 132 applications received by the Pinellas County Supervisor of Elections.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
(Wire Fraud)

### A. Introduction

1.    The allegations set forth in paragraphs 1 through 9 of Count One of this Superseding Information are realleged and incorporated by reference herein.

### B. The Scheme and Artifice

2.    Beginning in or around 2019, the exact date being unknown to the United States Attorney, and continuing until February 2, 2025, in the Middle District of Florida, and elsewhere, the defendant,

DMITRY SHUSHLEBIN,
a/k/a "Weston Dyer,"
a/k/a "Ilia Bzhelichenko,"
a/k/a "Ilya Yazikov,"

did knowingly and intentionally devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises that related to material facts, utilizing transmissions by means of wire communication in interstate and foreign commerce of any writings, signs, signals, pictures, and sounds.

8

### C. Manner and Means

3.     The manner and means by which SHUSHLEBIN sought to accomplish

the scheme and artifice included, among others, the following:

a.     It was part of the scheme and artifice that SHUSHLEBIN would

and did create and obtain fictitious identities, consisting of names, dates of birth, and

social security numbers that did not correspond to real individuals;

b.     It was further part of the scheme and artifice that SHUSHLEBIN

and others acting at his direction would and did take steps to create the appearance

that the fictitious individuals were, in fact, legitimate identities, by submitting credit

card applications and other financial documents, with the intent to create a credit

history for these fictitious identities;

c.     It was further part of the scheme and artifice that SHUSHLEBIN

and others acting at his direction would and did use the fictitious identities to attempt

to obtain government-issued documents, including hunting and fishing licenses and

voter registrations;

d.     It was further part of the scheme and artifice that SHUSHLEBIN

would and did obtain fake driver's licenses and other fraudulent means of

identification in the names of the fictitious individuals;

e.     It was further part of the scheme and artifice that SHUSHLEBIN

would and did use the fictitious identities to obtain fraudulent loans, to open credit

cards, and to open bank accounts;

9

f.      It was further part of the scheme and artifice that SHUSHLEBIN would and did maintain and operate fictitious businesses, including Amaro Dental, for the purposes of obtaining fraudulent loans using the fictitious identities;

g.      It was further part of the scheme and artifice that SHUSHLEBIN would and did use credit card point-of-sale machines in order to run fraudulent credit card charges using credit cards obtained in the names of fictitious individuals;

h.      It was further part of the scheme and artifice that SHUSHLEBIN would and did transfer the proceeds of his fraud scheme between bank accounts in different names in order to conceal and disguise the nature, location, source, ownership, and control of the proceeds; and

i.      It was further part of the scheme and artifice that SHUSHLEBIN would and did misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, acts performed in furtherance of the scheme.

### D. Interstate Wire Transmissions

4.      On or about January 6, 2023, in the Middle District of Florida, and elsewhere, the defendant,

> DMITRY SHUSHLEBIN,
> a/k/a "Weston Dyer,"
> a/k/a "Ilia Bzhelichenko,"
> a/k/a "Ilya Yazikov,"

for the purpose of executing the scheme and artifice and attempting to do so, did knowingly, and with intent to defraud, transmit and cause to be transmitted by wire communication in interstate commerce the following writings, signs, signals,

10

pictures, and sounds, that is, an application for a loan from Victim Bank 1 for dental services to be provided to the fictitious individual "Ariel Elston," at the company "Amaro Dental," located in Clearwater, Florida.

In violation of 18 U.S.C. § 1343.

## COUNT THREE
### (False Statements)

1.    The allegations set forth in paragraphs 1 through 9 of Count One of this Superseding Information are realleged and incorporated by reference herein.

2.    On or about the August 16, 2021, in the Middle District of Florida, the defendant,

> DMITRY SHUSHLEBIN,
> a/k/a "Weston Dyer,"
> a/k/a "Ilia Bzhelichenko,"
> a/k/a "Ilya Yazikov,"

did knowingly and willfully make a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, falsely claimed to be "L.S." in a United States Postal Service form titled, "Application for Delivery of Mail Through Agent."

In violation of 18 U.S.C. § 1001(a)(2).

11

## COUNT FOUR
(Aggravated Identity Theft)

1.      The allegations set forth in paragraphs 1 through 9 of Count One of this Superseding Information are realleged and incorporated by reference herein.

2.      On or about the August 16, 2021, in the Middle District of Florida, the defendant,

DMITRY SHUSHLEBIN,
a/k/a "Weston Dyer,"
a/k/a "Ilia Bzhelichenko,"
a/k/a "Ilya Yazikov,"

did knowingly use, without lawful authority, a means of identification of another person, specifically, a New York City Identification Card belonging to "L.S.," during and in relation to a felony violation of 18 U.S.C. § 1001(a)(2), as charged in Count Three of this Superseding Information, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE ALLEGATIONS

1.      The allegations contained in Count Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

12

3.      The property to be forfeited includes, but is not limited to, an order of

forfeiture in the amount of proceeds obtained from, or involved in, the offenses.

4.      If any of the property described above, as a result of any act or omission

of the defendant:

> a.      cannot be located upon the exercise of due diligence;
>
> b.      has been transferred or sold to, or deposited with, a third party;
>
> c.      has been placed beyond the jurisdiction of the court;
>
> d.      has been substantially diminished in value; or
>
> e.      has been commingled with other property which cannot be
>
> divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).


GREGORY W. KEHOE
UNITED STATES ATTORNEY


FOR

Daniel J. Marcet
Assistant United States Attorney
Chief, National Security Section


FOR

Leo Wise
Trial Attorney
Public Integrity Section